5404/Compt

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN ADMIRALTY

CASE NO.

CARIBBEAN SHIP SERVICES, INC.,

       Plaintiff,

vs.

The Motor Vessel "WAVE TRADER",
her engines, tackle, gear, furniture,
apparel, equipment, appurtenances,
etc., <u>in rem</u>, and SEA TRADER
INTERNATIONAL, INC., <u>in personam</u>,

       Defendant,
_____/

## ***<u>VERIFIED COMPLAINT TO FORECLOSE ON MARITIME LIEN</u>***

       COMES NOW the Plaintiff CARIBBEAN SHIP SERVICES, INC., and for its Verified Complaint against the Defendant vessel "WAVE TRADER" <u>in rem</u>, and SEA TRADER INTERNATIONAL, INC., <u>in personam</u>, alleges as follows:

       1.    This is an action in admiralty and maritime jurisdiction, and a cause of action within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure as hereafter more fully appears:

       2.    The Plaintiff, CARIBBEAN SHIP SERVICES, INC., (hereinafter "CSS") is a Florida corporation doing business in Miami, Florida as a ship's agent.

       3.    The Defendant vessel is a seagoing cargo vessel named "WAVE TRADER", of St. Vincent & Grenadines Registry, IMO 8126549, which now lies afloat at 2199 NW South River Drive, Miami, Florida and is owned by SEA TRADER INTERNATIONAL, INC., (hereinafter "SEA TRADER").

4. The Defendant, SEA TRADER INTERNATIONAL, INC., is doing business in Miami, Dade County, Florida as owner, employer, operator, manager and/or charterer of the M/V WAVE TRADER and subjected itself to the jurisdiction of this Honorable Court, pursuant to Florida Statute §48.193, by personally or through its agents doing one or more of the acts enumerated and described in the subsection contained in Florida Statutes §48.193.

5. The claims of the Plaintiff, as more fully described below, constitute grounds for the foreclosure of a maritime lien on the vessel as the services provided by the Plaintiff constituted necessaries to the Defendant vessel.

6. On or about February 5, 2015, SEA TRADER and "WAVE TRADER" in rem, entered into a Bond Indemnity Agreement (attached hereto as Exhibit "A") and executed a Promissory Note (attached hereto as Exhibit "B") indemnifying the Plaintiff and agreeing to pay the principle sum of $150,000 in the event that … "any United States government agency issues a notice or intent to fine the vessel, notice to saturate Atlantic Ship Agency Inc. OR Caribbean Ship Service, Inc.'s bond" has occurred.  See Promissory Note – Exhibit "B", paragraph 1.

7. As the ship's agent, Plaintiff, on behalf of the vessel and at the request of SEA TRADER, acquired a bond in the amount of $150,000 to cover any potential fines and/or penalties imposed upon the vessel by a U.S. Government agency in the event that illegal substances are found upon the vessel.

8. Said bond allowed the vessel to enter and depart a port of the United States, including the Miami River.  As such, the bond constituted a necessary that was provided to the vessel to engage in maritime trade.

9. On or about March 3, 2015, U.S. Customs gave verbal notice to the Plaintiff that it was going to saturate Plaintiff's bond in the full amount of $150,000 as a result of the discovery of certain drugs found in the possession of two crewmembers who worked aboard the vessel.

10. As a result of the saturation of the Plaintiff's bond which was put in place specifically on behalf of the Defendant vessel, Plaintiff seeks to foreclose its lien on said vessel in the amount of $150,000 in order to recover back and/or substitute the saturated bond amount.

11. Without a sufficient bond in place, the Plaintiff is immediately prohibited from performing its duties and daily business as a ship's agent for other vessels. **As a result, there is urgency to this matter to arrest the defendant vessel in order to allow the Plaintiff to obtain repayment of the bond amount in order for Plaintiff to continue its business operations.**

12. The Plaintiff has been required to render considerable expense to protect itself and pursue a claim against the Defendant vessel, and has been required to hire the undersigned attorney to enforce its valid maritime lien for necessary services rendered to the vessel, and it is required to pay this attorney a reasonable fee for his services.

### COUNT I –MARITIME LIEN FOR NECESSARIES

Plaintiff, CARIBBEAN SHIP SERVICES, INC., realleges each and every allegation of paragraphs 1 through 12, as if fully set forth herein and alleges further that:

13. On or about February 9, 2015, the Plaintiff agreed to furnish the bond to the "WAVE TRADER" <u>in rem</u> in the amount of $150,000 in order to allow the vessel to enter and depart the Miami River and engage in trade.

14. On or about March 3, 2015, the subject bond was saturated via verbal notice from US Customs to the Plaintiff as a result of the seizure of drugs from two crewmembers who worked aboard the subject vessel.

15. As a result of the foregoing, Plaintiff seeks to enforce its maritime lien for necessaries against the "WAVE TRADER" in rem in the amount of $150,000.

## COUNT II – COLLECTION OF PROMISSORY NOTE

Plaintiff, CARIBBEAN SHIP SERVICES, INC., realleges each and every allegation of paragraphs 1 through 12, as if fully set forth herein and alleges further that:

16. On or about February 9, 2015, Plaintiff entered into a Promissory Note with the Defendants wherein the Defendants promised to pay to the Plaintiff $150,000 in the event that the Plaintiff's bond was saturated. See Exhibit B.

17. On or about March 3, 2015, US Customs gave notice to the Plaintiff that Plaintiff's bond was going to be saturated as a result of the seizure of drugs from two crewmembers who worked aboard the subject vessel.

18. As a result of the foregoing, Plaintiff is entitled to recover $150,000 from the Defendants as per the terms of the Promissory Note together with Plaintiff's costs of collection including reasonable attorneys fees as allowed by the terms of the Promissory Note.

## COUNT III – INDEMNIFICATON

Plaintiff, CARIBBEAN SHIP SERVICES, INC., realleges each and every allegation of paragraphs 1 through 12, as if fully set forth herein and alleges further that:

19. On or about February 9, 2015, the Defendants entered into a Bond Indemnification Agreement wherein Defendants would indemnify Plaintiff in the event that Plaintiff's surety bond became saturated by U.S. Government authority. See Exhibit A.

20. On or about March 3, 2015, U.S. Customs verbally notified the Plaintiff that they would be saturating Plaintiff's surety bond for alleged drug violations by the M/V "WAVE TRADER".

21. Based on the foregoing, Defendants must indemnify Plaintiff for any and all amounts sought by U.S. Customs against Plaintiff including, but not limited to, the full bond in the amount of $150,000.

**WHEREFORE**, the Plaintiff prays to this Honorable Court:

A. That process in due form of law according to the rules and practice of this Honorable Court in causes in Maritime and Admiralty Jurisdiction against Defendant vessel "WAVE TRADER" citing all persons having an interest in her to appear and answer under oath all and singular the matters alleged, and that the vessel be preserved by the Marshal of this District and be delivered to the Plaintiff;

B. That the Plaintiff, CARIBBEAN SHIP SERVICES, INC., may have a judgment _in rem_ against the Defendant vessel for its damages in the amount of $150,000 in repayment of the bond, plus reasonable attorneys fees pursuant to contract and that the Defendant vessel be condemned and sold to satisfy this Plaintiff's judgment;

C. That Judgment be entered in favor of the Plaintiff against SEA TRADER INTERNATIONAL, INC., _in personam_, for its damages in the amount of $150,000 in repayment of the bond, plus reasonable attorneys fees pursuant to contract; and

D. For such other and further relief as this Court deems just and proper..

March 11, 2015
Miami, Florida

By: *S/Michael C. Black*

    MICHAEL C. BLACK, ESQUIRE
    F.B.N. 0056162
    mblack@marlaw.com
    **CASSIDY & BLACK, P.A.**
    The Greenery Mall at Dadeland
    7700 North Kendall Drive, Suite 505
    Miami, Florida 33156
    Telephone: (305) 271-8301
    Facsimile: (305) 271-8302
    *Attorneys for Plaintiff*